**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Malcolm Smith, Steven Graysmark, John Eccles, Camille Abdo Faraj, Paramjit Hough, Ampect Investments, LLC, Brad Lamel, Brett Specter, Andrew Sherris, Christine Sherris, Barney Edwards, Amanda Edwards, Campello, LLC, Mark Llewellyn-Jones, Kathryn Llewellyn-Jones, and Isabel Knight,

Plaintiffs,

v.

Kelly O'Malley, Escrow and Title Services Inc., and Chicago Title Insurance Company,

Defendants.

________________________________/

Case No. 16-cv-14077

Judith E. Levy
United States District Judge

Mag. Judge Mona K. Majzoub

**OPINION AND ORDER GRANTING DEFENDANTS KELLY O'MALLEY AND CHICAGO TITLE INSURANCE COMPANY'S MOTIONS FOR JOINDER [28, 30], GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [21], AND DISMISSING REMAINING CLAIMS**

On May 3, 2013, plaintiffs Mark and Kathryn Llewellyn-Jones, along with several others, sued a collection of real estate companies and

their associates. *See Llewellyn-Jones v. Metro Property Group, LLC*, Case No. 13-cv-11977 (E.D. Mich.). That case asserted a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), stating that the sixteen defendants in that case engaged in a mail and wire fraud scheme arising from the fraudulent sale of purported rental properties in the Detroit area. *Llewellyn-Jones*, Complaint, Dkt. 1.

The Llewellyn-Joneses, along with the other plaintiffs in this case, now bring suit against defendants Escrow and Title Services Inc., Kelly O'Malley, and Chicago Title Insurance Company for their alleged roles in this scheme. Each plaintiff alleges that the defendants, as a part of the enterprise alleged in *Llewellyn-Jones*, also engaged in fraud related to the closings of their respective transactions. For the reasons set forth below, defendants' combined motion to dismiss (Dkt. 21) is GRANTED IN PART and this case is DISMISSED.

## I. Factual Background

Plaintiffs allege that from "April 2011 until February 2013," they were the victims of "a scheme to defraud investors, primarily foreign investors." (Dkt. 1 at 15.) The participants in that scheme are

identified as Metro Property Group, LLC, Metro Property Management, LLC, Global Power Equities, LLC, Apex Equities, LLC, and Summit Acquisitions, LLC. (*Id.*) Each of those companies was previously named as a defendant in *Llewellyn-Jones* as a part of this same scheme. *Llewellyn-Jones*, Complaint, Dkt. 1.

Plaintiffs further allege that Bell Title and O'Malley, acting as Bell Title's agent, were recruited by the Metro Property group to assist in the fraudulent scheme. (Dkt. 1 at 16.) The purported scheme involved the Metro Property Group buying properties in Detroit, misrepresenting the physical condition of the properties, the existence of tenants for the properties, and the profit-generating history of the properties. (*Id.* at 16-390.) Bell Title is generally alleged to have known about these misrepresentations and failed to disclose the true nature of the transactions to plaintiffs at or before closing, and to have misrepresented the true dates of closing on each of the properties.

The plaintiffs filed suit on November 17, 2016. (*Id.*) Each plaintiff brings claims against Bell Title and O'Malley for some combination of silent fraud, civil conspiracy, breach of contract, conversion, and negligent misrepresentation, all under Michigan law.

(*See generally id.*) Chicago Title Insurance Company is also alleged to have participated in some of the transactions as a title insurer, and is alleged to have breached a title insurance policy it issued with respect to a property purchased by Paramjit Hough. (*Id.* at 278.)

All plaintiffs also bring general claims against Bell Title and O'Malley for silent fraud, civil conspiracy, negligent misrepresentation and breach of fiduciary duty, and violation of RICO, as well as an agency claim against Chicago Title and Insurance Company. (*Id.* at 390-400.) It is unclear how the general state law claims differ from the specific claims asserted for each plaintiff.

On January 27, 2017, Bell Title filed a motion to dismiss plaintiffs' complaint. (Dkt. 21.) O'Malley and Chicago Insurance and Title each filed motions to join in Bell Title's motion. (Dkts. 28, 30.) The motion to dismiss is now fully briefed, and the Court determines that oral argument is not necessary to determination of this motion pursuant to E.D. Mich. Local R. 7.1(f).

## II. Legal Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to

the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir.2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**III. Analysis**

As a threshold matter, the O'Malley and Chicago Title's motions (Dkts. 28, 30) to join in Bell Title's motion to dismiss are granted.

All but two of the claims in this 400-page complaint are state-law claims. The Court has jurisdiction over this case based on federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. 1 at 15.) Plaintiffs assert two violations of RICO as to all plaintiffs under 18 U.S.C. § 1962(c), conducting or participating in a racketeering enterprise, and § 1962(d), conspiracy to violate RICO. Jurisdiction over the remaining state law claims is based on supplemental jurisdiction under 28 U.S.C. § 1367. Because this case asserts 159 claims, and only two are federal

claims, the Court will first address defendants' arguments regarding the sufficiency of their federal claims.

Defendants argue both that plaintiffs fail to state a claim for violation of RICO, and that all but one of the plaintiffs' RICO claims are barred by the applicable statute of limitations. To state a RICO violation, a plaintiff must plead: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006). A plaintiff must also show predicate acts giving rise to the pattern of RICO activity, although the number of and relationship between acts a plaintiff must show is flexible. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 236-37 (1989).

Plaintiffs allege that Bell Title was a part of an association-in-fact enterprise with the Metro Property group under 18 U.S.C. § 1962(c), and that Bell Title was engaged in a conspiracy to violate § 1962(c) in violation of § 1962(d). (*Id.* at 394, 399.) An association-in-fact enterprise is defined as "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). A plaintiff proves the existence of an association-in-fact enterprise "by evidence of an ongoing

organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id.*

Plaintiffs allege that this RICO enterprise committed mail and wire fraud. (Dkt. 1 at 394-399.) "Mail fraud and wire fraud are proven by showing a scheme or artifice to defraud combined with either a mailing or an electronic communication for the purpose of executing the scheme." *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 701 (6th Cir. 2000) *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

RICO claims alleging fraud must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). This requires plaintiffs to "(1) specify the statements that the plaintiff[s] contend[] were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quotation omitted). When alleging fraud, each plaintiff must also specifically allege the injuries attributable to themselves pursuant to

Fed. R. Civ. P. 9(b). *Vennittilli v. Primerica, Inc.*, 943 F. Supp. 793, 799 (E.D. Mich. 1996).[1]

Plaintiffs allege fourteen instances of fraudulent mail or wire activity. On April 29, 2011, plaintiff Brad Lamel alleges that he sent a check to Bell Title to be applied to future acquisitions by Ampect Investments, LLC. (Dkt. 1 at 396.) On June 10, July 11, and July 29, 2011, plaintiff Paramjit Hough alleges that he sent wire payments to Bell Title. (*Id.*) On June 22 through June 24, 2011 and on January 20, 2012, plaintiff Brett Specter alleges that he had e-mail correspondence with Bell Title regarding the purchase of properties, and that on January 20 and February 23, 2012, he sent wire payments to Bell Title, with the latter on behalf of plaintiff Campello, LLC. (*Id.* at 396-97.) Finally, plaintiff Steven Graysmark alleges that he sent wire payments to Bell Title on July 27, August 2, August 23, and August 24, 2011. (*Id.* at 396.)

Plaintiffs Malcolm Smith, John Eccles, Camille Abdo Faraj, Andrew Sherris, Christine Sherris, Barney Edwards, Amanda Edwards,

[1] The parties frequently confuse the specific mail fraud allegations that serve as the basis of plaintiffs' RICO claims with the state law silent fraud claims plaintiffs assert. Federal civil RICO claims must be based on the federal crimes specified in 18 U.S.C. § 1961. 18 U.S.C. § 1962. Only the allegations of mail fraud suffice to sustain plaintiffs' RICO claims.

Mark Llewellyn-Jones, Kathryn Llewellyn-Jones, and Isabel Knight allege that they were also victims of the purported mail and wire fraud scheme. However, they do not allege any specific act of mail or wire fraud by Bell Title of which any of them were victims. Accordingly, these plaintiffs' RICO claims must be dismissed for failure to state a claim, as these plaintiffs have failed to identify any mail or wire fraud conducted by Bell Title in relation to them.

The remaining plaintiffs have also failed to sufficiently plead the alleged predicate acts serving as the basis for the mail and wire fraud claims. Lamel and Ampect claim that on April 19, 2011, they sent a letter to Bell Title that included a check for $5,000 to be applied to the acquisition of future properties by Ampect. (Dkt. 1 at 396.) The complaint identifies three transactions involving Lamel and Ampect beginning in July 2011. (*Id*. at 236-257.) It further identifies a series of allegedly fraudulent omissions by Bell Title in relation to the property closings, beginning months after the April 19, 2011 letter. The vague description of this letter and its timing do not sufficiently demonstrate that the purpose of the letter and the money were to further the fraud scheme at the time the communication was sent, nor does this

description sufficiently associate the letter with the fraudulent scheme at issue in this case.

Specter and Ampect likewise argue that they sent email correspondence regarding real property transactions involving Ampect on July 21, 2011. (*Id.* at 396.) This description is likewise too vague for the Court to determine whether the communications were for the purpose of furthering the alleged scheme, because plaintiffs provide no indication of the content of the statements.

Specter also alleges that on January 20, 2012, he sent an e-mail to "USA Property Direct" confirming Bell Title's receipt of purchase funds for two properties. (*Id.* at 397.) It is entirely unclear from the complaint how e-mail correspondence with a third party that is not alleged to be a part of the RICO conspiracy can be a communication in furtherance of the conspiracy.

Hough, Graysmark, and Specter allege ten wire transfers between June 10, 2011 and February 23, 2012. (*Id.* at 396-97.) However, the transfers are generally described as "examples of Bell Title's mail and wire activity, which contributed to the pattern of racketeering activity." (*Id.* at 395.) The complaint lacks specificity as to the purpose of each of

the transfers, some of which do not correspond to any date otherwise referenced in the complaint, and none of which correspond to the amounts paid for the properties at issue.

Plaintiffs have not sufficiently pleaded any predicate act under RICO. Accordingly, they have failed to state a claim for violation of RICO, either under § 1962(c) or (d), and those claims are dismissed.

The parties in this matter are non-diverse, as plaintiffs Ampect Investments, LLC and Campello, LLC and defendants Bell Title and Kelly O'Malley are each alleged to be citizens of Michigan. (*Id.* at 13-14.) Diversity jurisdiction is only proper in "cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining 157 state law claims pursuant to 28 U.S.C. § 1367(c)(3), as all claims over which original jurisdiction exists have been dismissed.

## IV. Conclusion

For the reasons set forth above, it is hereby ordered that:

Plaintiffs' RICO claims are DISMISSED;

O'Malley and Chicago Title Insurance Company's motions to join in Bell Title's motion to dismiss (Dkts. 28, 30) are GRANTED;

Defendants' motion to dismiss (Dkt. 21) is GRANTED IN PART; and

The remaining state law claims are DISMISSED WITHOUT PREJUDICE to refiling them in Michigan state court.

IT IS SO ORDERED.

Dated: April 10, 2017
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 10, 2017.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager